# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

PAQUITA MONTE,            )
    Plaintiff,           )
               )
    v.              )    C.A. No.: S25C-03-006 RHR
               )
24 LIQUORS, LLC,         )
A Delaware Limited Liability Company,  )
    Defendant.        )

Submitted: July 17, 2025
Decided: October 23, 2025

## MEMORANDUM OPINION

*Upon Consideration of Defendant 24 Liquors, LLC's Motion to Dismiss*,
**GRANTED**.

Paquita Monte, *Plaintiff (pro se)*.

Daniel A. Griffith, Esq. and Jamie L. Lenko, Esq., WHITEFORD TAYLOR & PRESTON, LLC, Wilmington, Delaware, *Attorney for Defendant 24 Liquors, LLC*.

**Robinson, J.**

Paquita Monte brings this action against her former employer, 24 Liquors, LLC, alleging that she experienced sexual harassment and age discrimination which arose out of a dispute over a free promotional t-shirt. 24 Liquors now moves to dismiss the complaint for failing to state a claim for relief. 24 Liquors' motion is granted because Monte has not sufficiently pleaded a cause of action for sexual harassment or employment discrimination under the Delaware Discrimination in Employment Act ("DDEA").

## FACTUAL AND PROCEDURAL BACKGROUND

Monte is a former employee of The Grog Shop, a liquor store owned by 24 Liquors. She alleges the following events occurred at The Grog Shop during her employment.

On March 21, 2024, Monte asked a visiting sales representative about the availability of free merchandise. The representative informed Monte that he would bring her a promotional t-shirt upon his next visit. When Monte arrived at work on March 22, 2024, she discovered that the representative had dropped off two t-shirts, and that the assistant manager, Michael Burrows, kept one for himself and gave the remaining t-shirt to an employee named Shawn. Monte explained to Shawn that the t-shirt was intended for her and requested that he hand it over. Shawn gave Monte the t-shirt without issue.

On March 23, 2024, Burrows accused Monte of "bullying" Shawn and insulted her personality and work ethic.[1] Monte alleges that at some point during this dispute, Burrows stated, "Every time I look at you, I think about sex."[2] The complaint offers no further context for Burrows' statement.

Monte informed the store manager, Kim Stratton, of her interaction with Burrows and asked Stratton to inform Anthony Pires, one of the owners of The Grog Shop. Stratton told Monte that she intended to discuss the matter with both Burrows and Pires. That same day, after Stratton spoke to Burrows, Burrows allegedly entered the store cursing and shouting complaints about Monte. Monte claims that she intended to call out of work the next day, but did not do so because another employee had already called out.

On March 29, 2024, Burrows approached Monte stating that they needed to talk. Monte told him that they did not need to talk. As she proceeded to clock out and leave, Burrows shouted that she falsely accused him of sexual harassment and that he had seen her groping someone outside of the store.

On April 1, 2024, Pires met with Monte to discuss the conflict between her and Burrows. Pires reviewed the Equal Employment Opportunity Commission definitions of "sexual harassment" and "hostile work environment" with Monte.

---

[1] D.I. 1, Compl. ¶ 22.
[2] *Id*. ¶ 23.

Monte claims that Pires stated he did not want to fire Burrows because Burrows is young, doing so would taint Burrows' record, Burrows had a family to take care of, and the conduct did not rise to such a level that Burrows should be terminated.[3] Monte stated that she did not feel comfortable working at The Grog Shop with Burrows. Pires allowed her to take paid leave the following day because she was scheduled to work at the same time as Burrows.

On April 3, 2024, after meeting with Burrows, Pires informed Monte that Burrows was no longer allowed to supervise or have direct contact with her. Monte claims that from that point on, she avoided Burrows whenever he was in the store. She also alleges that Burrows went behind the counter while she was attending the register on multiple occasions, "which included an instance where his head was level with [Monte's] crotch . . . ."[4] The complaint does not state whether Burrows had a work-related reason for being there. Monte reported Burrows to Stratton for going behind the counter.

After an unspecified amount of time had passed, Stratton approached Monte to discuss her work performance. Apparently, Monte had not been working throughout the entire store to avoid Burrows, so Stratton gave her a choice: she could

---

[3] *Id*. ¶ 42.
[4] *Id*. ¶ 60.

either work throughout the store as expected, or she could choose to only be scheduled when Burrows was absent. Monte opted for the latter.

On June 13, 2024, Monte filed a discrimination charge with the Delaware Department of Labor ("DDOL"). The parties attended mediation on August 13, 2024. On December 5, 2024, the DDOL issued a no-cause determination and sent a right to sue notice to Monte. Monte filed her complaint with this court on March 6, 2025.

## THE PARTIES' CONTENTIONS

Monte claims that 24 Liquors is liable for sexual harassment and age discrimination under 19 *Del. C.* §§ 711A and 711(g). She claims that Burrows sexually harassed her when he stated, "Every time I look at you, I think about sex," when he said that he saw her groping someone outside of the store, and when he stepped behind the counter while she was working the register. She claims that Burrows' intent was to "unreasonably interfere with [her] performance at work and to create an intimidating, hostile, or offensive working environment."[5]

24 Liquors argues that Monte's complaint should be dismissed because she has not shown that she was harassed or discriminated against under § 711A and § 711(g), respectively. 24 Liquors asserts that Monte has not stated a claim for sexual harassment because she never alleged that (1) her employment was made contingent

---

[5] *Id.* ¶ 60.

on her submission to harassment; (2) her submission to or rejection of harassment was a factor in any employment decisions; (3) her complaints were ignored by management or ownership; or (4) management or ownership retaliated against her. In support of its argument that Monte has failed to state a claim for age discrimination, 24 Liquors simply notes, "the [c]omplaint acknowledges that management and ownership of The Grog Shop promptly addressed her complaints and that it was [her] choice to no longer work the same hours as [Burrows]."[6] Finally, 24 Liquors argues that Monte has not shown that it is responsible as an employer for Burrows' alleged sexual harassment under § 711A(d).

## STANDARD OF REVIEW

Superior Court Civil Rule 12(b)(6) allows parties to move to dismiss a complaint for failing to state a claim upon which relief can be granted.[7] Upon consideration of a Rule 12(b)(6) motion this court must "(1) accept all well pleaded factual allegations as true, (2) accept even vague allegations as 'well pleaded' if they give the opposing party notice of the claim, (3) draw all reasonable inferences in favor of the non-moving party, and (4) [refrain from dismissing a claim] unless the plaintiff would not be entitled to recover under any reasonably conceivable set of circumstances."[8] Delaware's pleading standard for Rule 12(b)(6) motions is

---

[6] D.I. 5, Opening Br. at 12.
[7] Del. Super. Ct. Civ. R. 12(b)(6).
[8] *Cent. Mortg. Co. v. Morgan Stanley Mortg. Cap. Hldgs. LLC*, 27 A.3d 531, 535 (Del. 2011).

6

"minimal."[9] Dismissal is only warranted where a plaintiff fails to plead facts supporting an element of the claim, or where "under no reasonable interpretation of the facts alleged could the complaint state a claim for which relief might be granted."[10] The court will not "credit conclusory allegations that are not supported by specific facts, or draw unreasonable inferences in the plaintiff's favor."[11]

## DISCUSSION

Monte's complaint fails to state a claim for sexual harassment because it does not allege conduct that is severe or pervasive enough to give rise to a cause of action under the DDEA, and, even if it did sufficiently state a claim for harassment, it offers nothing suggesting that liability could be imputed to 24 Liquors. The complaint also fails to plead any facts that could create a reasonable inference that Monte was discriminated against—her discrimination claim simply takes issue with the fact that *another* employee was not terminated. Under no reasonable interpretation of the alleged facts could this court conclude that Monte's age was a consideration in that decision. Monte has therefore failed to state a claim for relief and the complaint must be dismissed.

---

[9] *Id*. at 536.

[10] *inVentiv Health Clinical, LLC v. Odonate Therapeutics, Inc.*, 2021 WL 252823, at \*4 (Del. Super. Ct. Jan. 26, 2021).

[11] *Norton v. K-Sea Transp. P'rs L.P.*, 67 A.3d 354, 360 (Del. 2013).

As a preliminary matter, it should be noted that the DDEA underwent significant changes in January, 2019. Therefore, few courts have considered this new iteration of the DDEA. However, state and federal courts have applied federal case law to claims arising out of the DDEA both before and after the recent amendments.[12] In doing so, courts have recognized that the character of the DDEA and its federal counterpart were, and remain, substantially the same.[13] For that reason, both state and federal case law from before and after the 2019 amendments may be used to examine the character of the laws governing Monte's claims.

### A. Monte Has Failed to State a Claim for Sexual Harassment Under 19 *Del. C.* § 711A.

19 *Del. C.* § 711A(c) reads as follows:

Sexual harassment of an employee is an unlawful employment practice when the employee is subjected to conduct that includes unwelcome sexual advances, requests for sexual favors, and other verbal or physical conduct of a sexual nature when:

(1) Submission to such conduct is made either explicitly or implicitly a term or condition of an employee's employment;

(2) Submission to or rejection of such conduct is used as the basis for employment decisions affecting an employee; or

---

[12] *See Tolliver v. Delmarva Found. for Med. Care*, 2020 WL 4335521, at *3 (D. Del. July 28, 2020); *also see Gary v. R.C. Fabricators, Inc.*, 2014 WL 4181479, at *19 (Del. Super. July 30, 2014).

[13] *See e.g.*, *Tolliver*, 2020 WL 4335521, at *3 ("Delaware's employment discrimination laws are substantially the same as their federal counterparts, and it is appropriate to apply federal case law to discrimination claims raised under the DDEA or DPDEPA."); *also see Gary*, 2014 WL 4181479, at *19 ("The Delaware Discrimination in Employment Act is substantially the same as the federal counterpart. Accordingly, it is appropriate to apply federal case law to discrimination claims raised under the DDEA.").

(3) Such conduct has the purpose or effect of unreasonably interfering with an employee's work performance or creating an intimidating, hostile, or offensive working environment.

First, Monte's allegation that Burrows made her feel uncomfortable by standing behind the front counter at the same time as she did fails to satisfy a single element of § 711A. It is unnecessary to investigate elements one through three as they apply to this argument, because, under the pleaded facts, it cannot be reasonably inferred that Burrows' conduct was sexual in nature. Monte never claimed that Burrows had no reason to be at the counter, that he spoke to her or harassed her, or that he otherwise demonstrated an intent to make her uncomfortable by standing there. Without more, it would be entirely unreasonable to presume that an assistant manager standing near an employee at a storefront amounts to sexual harassment.

Monte also alleges that Burrows sexually harassed her when he said, "Every time I look at you, I think about sex" and when he said he saw her groping a man outside of the store.[14] Both of these statements likely amounted to "verbal . . . conduct of a sexual nature."[15] Pleading the existence of sexual statements alone, however, is not enough to state a claim for sexual harassment under § 711A. It is important to note that the complaint establishes that the following events ensued after the alleged incident: (1) the store owner gave Monte paid time off; (2) the store

---

[14] Compl. ¶ 59.
[15] 19 *Del. C.* § 711A(c).

9

manager, and subsequently, the store owner, spoke with Burrows about his conduct; (3) the store owner considered Monte's report and determined that Burrows' actions did not warrant termination; and (4) in response to Monte's refusal to work throughout the entire store, the store manager gave her the option to only be scheduled when Burrows was not working. Monte's claims regarding Burrows' two statements do not satisfy § 711A(c)(1) or (2) because it appears that the store owner and manager effectively addressed Burrows' conduct. In short, the alleged harassment came to an end after they intervened, and there was therefore no further conduct for Monte to submit to or reject, as required by § 711A(c)(1) and (2).[16] These claims also fail to satisfy § 711A(c)(3) because the DDEA "does not operate as a general civility code nor mandate a happy workplace. Simple teasing, offhand comments, isolated incidents (unless extremely serious), occasional insults or episodic instances of ridicule are not enough to state a cause of action under the DDEA; they do not permeate the workplace and change the very nature of the plaintiff's employment."[17]

This court recognizes that the conduct alleged in the complaint was disagreeable, but that fact alone does not give rise to a cause of action for sexual

---

[16] *See Gary*, 2014 WL 4181479, at *22 ("When after the employer's intervention, the co-worker never again committed another discriminatory act directed to the plaintiff, the employer's procedure was effective for dealing with the discrimination.").
[17] *Id*. at *23.

harassment.[18] Notably, the store owner concluded that it would be unreasonable to fire Burrows under the circumstances and the store manager offered to adjust Monte's schedule around Burrows' to make her more comfortable. Considering 24 Liquors' responsiveness, efficacy, and accommodation, Monte's refusal to work throughout the store does not create a reasonable inference that the alleged sexual remarks unreasonably interfered with her work performance or created an intimidating, offensive, or hostile work environment.[19]

## B. Monte Has Failed to State a Claim for Age Discrimination Under 19 *Del. C.* § 711(g).

Monte alleges that 24 Liquors discriminated against her "by choosing not to protect her from sexual harassment and hostile work environment because the harasser was young and early in his career compared to her being older."[20] 24 Liquors did not discriminate against her—its decision to retain Burrows did not involve "failing or refusing to hire" her, "discharging" her, or any other employment decision regarding her.[21] Moreover, Monte offers nothing to suggest that 24 Liquors' decision was motivated by *her* age or otherwise illegal. It is clear from Monte's complaint that she considers 24 Liquors' refusal to terminate Burrows to be an action

---

[18] *Id*. ("An isolated incident (unless extremely serious) does not rise to the level of severe and pervasive discrimination that is required to establish a *prima facie* sexual harassment claim.").

[19] *Id*. at *22 ("Moreover, an employee cannot dictate that the employer select a certain remedial action.").

[20] Compl. ¶ 65.

[21] 19 *Del. C.* § 711(b)(1) (citation modified); *see* 19 *Del. C.* §§ 711(b)(2), 711(c), 711(d)(1)-(2), 711(e), 711(g).

taken against her. This assertion is not the case, and Monte has not alleged any facts from which one could reasonably infer that she was discriminated against or that her age was a factor in 24 Liquors' decision.

## C. Monte Has Not Shown That 24 Liquors is Liable for Burrows' Alleged Harassment Under 19 *Del. C.* § 711A(d).

An employer is responsible for sexual harassment of an employee when:

(1) A supervisor's sexual harassment results in a negative employment action of an employee;

(2) The employer knew or should have known of the non-supervisory employee's sexual harassment of an employee and failed to take appropriate corrective measures; or

(3) A negative employment action is taken against an employee in retaliation for the employee filing a discrimination charge, participating in an investigation of sexual harassment, or testifying in any proceeding or lawsuit about the sexual harassment of an employee.[22]

In workplace sexual harassment cases, "an employee cannot dictate that the employer select a certain remedial action" against the harasser.[23] In this case, the employer's remedial action was successful. According to the complaint, Burrows did not make any sexual remarks to Monte after the store manager and owner spoke to him. Monte's subjective feelings of discomfort alone do not create a reasonable

---

[22] 19 *Del. C.* § 711A(d).

[23] *Gary*, 2014 WL 4181479, at *22; *Swingle v. Henderson*, 142 F. Supp. 2d 625, 637 (D.N.J. 2001), *aff'd*, 35 Fed. Appx. 39 (3d Cir. 2002) ("If an employer chooses an adequate remedy to prevent sexual harassment, the aggrieved employee cannot object to such a remedy and dictate instead that her employer take such remedial action as the employee deems appropriate.").

inference that her employer "failed to take appropriate remedial measures."[24] An employer cannot be liable for an employee's harassment where the employer effectively and promptly responded to the misconduct.[25]

24 Liquors is shielded from liability because its decision to reprimand Burrows, rather than terminate him, was effective to address his behavior. Monte was not entitled to her preferred remedial action, and she has therefore failed to state a claim against 24 Liquors.

## CONCLUSION

Monte has not sufficiently stated a claim for either sexual harassment or age discrimination under § 711 or § 711A. The harassment claim must be dismissed because the complaint fails to allege conduct that is severe or pervasive enough to give rise to a cause of action under § 711A(c). Even if the complaint did sufficiently plead the existence of harassment, it must still be dismissed because it fails to allege any facts that could impute liability to 24 Liquors. Monte's age discrimination claim

---

[24] *See, e.g.*, *E.E.O.C. v. Mgmt. Hosp. of Racine, Inc.*, 666 F.3d 422, 432 (7th Cir. 2012) ("We also assess the impact of the [sexual] harassment on the plaintiff's work environment from both a subjective and objective viewpoint; 'one that a reasonable person would find hostile or abusive, and one that the victim in fact did perceive to be so.'") (citing *Gentry v. Exp. Packaging Co.*, 238 F.3d 842 (7th Cir. 2001)).

[25] *Gary*, 2014 WL 4181479, at *24 ("[The employer], upon learning of the incident, immediately disciplined [the harasser] and he never did it again. [The employer] took prompt and effective remedial action to immediately end the offending behavior. These facts indicate that [the employer] had an effective procedure for dealing with discrimination, that Plaintiff knew of the procedure, and that the system worked to stop harassment in a timely fashion. Even viewing the facts in the light most favorable to plaintiff, [the employer] is shielded from liability for [the harasser's] isolated incident . . . .").

13

must also be dismissed because it does not allege that 24 Liquors made any employment decisions with regard to *her* age. For those reasons, 24 Liquors' motion to dismiss is **GRANTED**.

      **IT IS SO ORDERED**.